# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARGARET C. SHOWERS,

    Plaintiff,

vs.                                                         CASE NO. 3:06-cv-900-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## O R D E R

This case is before the Court on Plaintiff's Motion Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. #27), filed October 9, 2007. Plaintiff has advised the Court that Defendant's counsel "does not oppose" the instant motion (Doc. #28). Thus, the matter is ripe for the Court's consideration.

Based upon the motion and information contained within the record, the Court makes the following legal and factual findings:

1. Attorney's fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney's fees and had a net worth of less than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2.  The amount of attorney's fees to be awarded "shall be based upon the prevailing market rates for the kind and quality of the service furnished," except that attorney's fees shall not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. §2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. §406(b)(1). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the Equal Access to Justice Act ("EAJA") allows for an adjustment due to changes in the cost of living. *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1984). It has also been noted that such increases are not absolutely required. *Id. Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney's fees shall exceed the cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub.L. 104- 121, §§ 231-233 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125 should be raised to $160.61 per hour for services provided in 2006 and to $163.72 for services provided in 2007. Having examined the Consumer Price Index for the years in question, the Court has

determined that the increase in inflation justifies a proportionate increase in attorney's fees according to the years services were performed.[1]

3.  The Court thus finds that $2,940.74 ($160.61 x 2 hours in 2006 + $163.72 x 16 hours in 2007) is a reasonable fee in this case.

4.  Plaintiff did not make any claims for costs incurred in this action.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Attorney's Fees (Doc. #27) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,940.74 for attorney's fees.

**DONE AND ORDERED** at Jacksonville, Florida this  16th  day of October, 2007.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
    and *pro se* parties, if any

---

[1] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frd.fed.us/research/data/us/calc (last visited October 16, 2007).